UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
*Electronically Filed*

| | |
|---|---|
| NICOLE STUMPH )<br>)<br>PLAINTIFF )<br>)<br>v. )<br>)<br>SPRING VIEW PHYSICIAN PRACTICES, LLC )<br>d/b/a SPRING VIEW UROLOGY and )<br>SAMUEL KRIEGLER, MD )<br>)<br>DEFENDANTS ) | Civil Action No. 3:19-CV-53-CHB |

## NOTICE OF REMOVAL

Defendant Samuel Kriegler, M.D. ("Dr. Kriegler"), pursuant to 28 U.S.C. §§ 1441 and 1446, hereby submits this Notice of Removal of the above-captioned case, which was originally filed in Marion Circuit Court, Civil Action No. 18-CI-00287. In support of removal, Dr. Kriegler states as follows.

1. On December 21, 2018, plaintiff Nicole Stumph ("plaintiff") filed a complaint in Marion Circuit Court against Dr. Kriegler and Spring View Physician Practices, LLC d/b/a Spring View Urology ("Spring View Physician Practices").

2. Dr. Kriegler's removal of the state court action is timely. A defendant seeking removal of an action filed in state court must file a notice of removal within 30 days of service of the complaint upon the defendant, provided that federal jurisdiction is apparent. See 28 U.S.C. § 1446(b). Dr. Kriegler was served with the summons and complaint in this case on January 4, 2019 through certified mail from the Kentucky Secretary of State. This notice of removal is therefore timely because it is being filed within 30 days of the day when Dr. Kriegler was served. *See* 38 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(1)(C).

3. The Marion Circuit Court is located within the Louisville Division of the United States District Court for the Western District of Kentucky. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Marion County.

4. Pursuant to 28 U.S.C. § 1446(a), copies of all processes, pleadings, and orders served upon Dr. Kriegler are attached as **Exhibit 1** to this Notice of Removal.

5. As alleged in the Complaint, plaintiff is a resident of Kentucky. (Complaint, ¶ 1.)

6. As alleged in the Complaint, upon information and belief, Spring View Physician Practices is a foreign limited liability company organized in the state of Delaware. Spring View Physician Practices' principal place of business is located in Tennessee. (Complaint, ¶ 2.)

7. Although Dr. Kriegler was a resident of Kentucky at the time of the actions alleged in the Complaint (Complaint, ¶ 3), he is now a resident and citizen of Florida.

8. The amount in controversy exceeds $75,000.00, exclusive of interest and costs. In accordance with Kentucky law, the Complaint does not demand a specific dollar amount in damages. Rather, plaintiff alleges that she has been damaged in an amount which "exceeds the jurisdictional requirements of this Court." (Complaint, ¶ 5.) Because Kentucky practice does not permit demands for a specific sum, this notice of removal may assert the amount in controversy. 28 U.S.C. § 1446(c)(2)(A)(ii). Additionally, as the United States Supreme Court recently clarified, in this notice Dr. Kriegler need only make a "short and plain statement" demonstrating that the amount in controversy exceeds $75,000.00. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014); see also, e.g., *Aldrich v. Univ. of Phoenix, Inc.*, 2015 U.S. Dist. LEXIS 137916, at *17 (W.D. Ky. Oct. 9, 2015).

9. Here, by a preponderance of the evidence, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. This is an action in which plaintiff seeks to recover damages for alleged unwanted physical contact that she claims occurred on two separate occasions. (Complaint, ¶ 7.) Plaintiff alleges that Dr. Kriegler "touched the private areas, buttocks, and breasts of the Plaintiff" and that such touching was offensive and unwanted. (Complaint, ¶ 9-10.) Plaintiff claims to have suffered "mental and physical pain and suffering both of a temporary and permanent nature;" "the expenditure of sums of money for hospital, medical, and other rehabilitation expenses;" and loss of the ability to "lead and enjoy a normal life;" "lost earnings and impaired ability to labor and earn money in the future." (Complaint, ¶ 24.) Plaintiff also claims entitlement to punitive damages. (Complaint, ¶¶ 36-39.) Thus, the allegations in the Complaint establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.[1]

10. This Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy is satisfied and this is an action involving a plaintiff who is a citizen of Kentucky and defendants who are citizens of states other than Kentucky (Dr. Kriegler, an individual who is a citizen of Florida, and Spring View Physician Practices, a limited liability company that is a citizen of Delaware and Tennessee).

---

[1] Even before the Supreme Court's decision in *Dart Cherokee Basin*, these allegations would have been sufficient to establish that the amount in controversy requirement is satisfied. In determining the amount in controversy, the Court may look to the nature of the injuries alleged in the Complaint. *See*, *e.g.*, *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (holding that a complaint alleged damages greater than $75,000.00 when the plaintiff suffered congestive heart failure and a six-day hospital stay). The Court may also rely on "judicial experience" and "common sense" to evaluate the potential value of the plaintiff's claims. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-61 (11th Cir. 2010). As the Eleventh Circuit observed, district courts may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that the amount in controversy requirement is satisfied. *Id*. Here, the categories of damages alleged by plaintiff as well as her claim that she has suffered permanent injuries allows a "reasonable inference" that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

11. For purposes of 28 U.S.C. § 1332(a), "[t]he Plaintiff, Nicole Stumph, is a citizen and resident of Kentucky, residing in Washington County." (Complaint, ¶ 1.)

12. For purposes of 28 U.S.C. § 1332(a), Dr. Kriegler is now, and was at the time this action was filed, a citizen of Florida.[2] "State citizenship for the purpose of the diversity requirement is equated with domicile," which is determined by two factors: residence, and the intention to remain there. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). Dr. Kriegler currently resides at 1173 Island Shore Lane, Apartment 307, Lake Mary, Florida 32746. As the record will reflect, he was served with a copy of the Summons and Complaint at this address. Dr. Kriegler has no plans to relocate or change his residence in the foreseeable future. He has no intent to return to Kentucky. Dr. Kriegler's establishment of Florida residency and of his intent to remain a Florida is further established by the following facts: he does not own any real property in Kentucky; in August 2018, he was issued a Florida driver's license; in September 2018, he registered two vehicles with the state of Florida; he is registered to vote in Florida; and he has opened two bank accounts under his Florida address. Accordingly, Dr. Kriegler is a citizen of Florida for purposes of diversity jurisdiction.

13. For purposes of 28 U.S.C. § 1332(a), Spring View Physician Practices is a citizen of two states, Tennessee and Delaware, and is *not* a citizen of Kentucky. As recognized by the Sixth Circuit, all unincorporated entities, such as limited liability companies, have the citizenship of each partner or member. *See Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010). When an LLC has only one member, its citizenship is determined by that of its sole member. *Johnson v.*

---

[2] Although Dr. Kriegler was a citizen of Kentucky during the events described in the Complaint, this is irrelevant for purposes of removal. "In order for a defendant to remove a case to federal court based upon diversity jurisdiction, there must be complete diversity of citizenship both at the time that the case commenced and at the time that the notice of removal is filed." *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999). As detailed herein, Dr. Kriegler is now, and was at the time this action was filed, a citizen of Florida.

4

*SmithKline Beecham Corp.*, 724 F.3d 337, 348-49 (3rd Cir. 2013). If that sole member is also an LLC, the Court must look "upstream" at the parentage of the LLC until an entity or person is discovered whose citizenship can be determined. *Delay*, 585 F.3d at 1005.

14. Here, Spring View Physician Practices is a citizen of Tennessee and Delaware because the first of its "upstream" member companies whose citizenship can be determined – Legacy LifePoint Health, Inc. – is a Delaware corporation with its principal place of business in Tennessee. Spring View Physician Practices' sole member is LifePoint Holdings 2, LLC. The sole member of LifePoint Holdings 2, LLC is another limited liability company, LifePoint Hospitals Holdings, LLC. The sole member of LifePoint Hospitals Holdings, LLC is another limited liability company, Historic LifePoint Hospitals, LLC. The sole member of Historic LifePoint Hospitals, LLC is a corporation, Legacy LifePoint Health, Inc.

15. Because Legacy LifePoint Health, Inc. is a corporation, the citizenship of which can be determined, its citizenship determines the citizenship of Lake Cumberland for purposes of diversity jurisdiction. *Delay*, 585 F.3d at 1005. Legacy LifePoint Health, Inc. is incorporated in Delaware and has its principal place of business at 330 Seven Springs Way, Brentwood, Tennessee 37027. Thus, it is a citizen of Delaware (where it is incorporated) and Tennessee (where it has its principal place of business). *See Schwartz v. Electronic Data Systems, Inc.*, 913 F.3d 279, 282 (6th Cir. 1989). Spring View Physician Practices' citizenship is therefore diverse from plaintiff, who is a citizen of Kentucky.

16. Pursuant to 28 U.S.C. § 1441(b)(2), no defendant to this action is a citizen of the forum state, Kentucky.

17. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all defendants consent to the removal of this action. (*See* Spring View Physician Practices' Notice of Consent, attached as **Exhibit 2**.)

5

18.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, as well as a Notice of Filing for this Notice of Removal, will be filed promptly with the Clerk of the Marion Circuit Court, and a copy of the same is being served upon all parties.

19.     Dr. Kriegler reserves the right to amend or supplement this Notice of Removal or to present additional argument in support of its entitlement to remove this case.

Respectfully submitted,

/s/ Bradley A. Case
Bradley A. Case
Paige N. Johnson
DINSMORE & SHOHL LLP
101 South Fifth Street, Suite 2500
Louisville, Kentucky 40202
(502) 540-2300
Fax (502) 585-2207
bradley.case@dinsmore.com
paige.johnson@dinsmore.com
*Counsel for Defendant, Samuel Kriegler, M.D.*

## CERTIFICATE OF SERVICE

I certify that on January 18, 2019, a copy of the foregoing was filed electronically through the Court's CM/ECF system and was sent to the following:

Brenton D. Stanley, Esq.
Danielle R. Blandford, Esq.
Morgan & Morgan Kentucky, PLLC
420 West Liberty Street, Suite 260
Louisville, KY 40202
bstanley@forthepeople.com
dblandford@forthepeople.com
*Counsel for Plaintiff*

B. Todd Thompson
Eleanor M. B. Davis
Thompson Miller & Simpson PLC
734 West Main Street Suite 400
Louisville, KY 40202
tthompson@tmslawplc.com
edavis@tmslawplc.com
*Counsel for Defendant, Spring View Physician Practices, LLC d/b/a Spring View Urology*

/s/ Bradley A. Case
*Counsel for Defendant, Samuel Kriegler, M.D.*

14419707v3