# EXHIBIT 1

Filed          18-CI-00287      12/21/2018                                      Kim T. May, Marion Circuit Clerk

NOT ORIGINAL DOCUMENT
01/18/2019 02:37:09 PM
88910-4

CASE NO. _____

COMMONWEALTH OF KENTUCKY
MARION CIRCUIT COURT

NICOLE STUMPH                                                          PLAINTIFF
1209 BRUSH GROVE RD
WILLISBURG, KY 40078

*v.*                    ***ELECTRONICALLY FILED***

SPRING VIEW PHYSICIAN PRACTICES, LLC                    DEFENDANT
d/b/a SPRING VIEW UROLOGY
330 SEVEN SPRINGS WAY
BRENTWOOD, TN 37027

          Serve:  C T CORPORATION SYSTEM
                  306 W MAIN ST.
                  SUITE 512
                  FRANKFORT, KY 40601

SAMUEL KRIEGLER                                                       DEFENDANT
1173 ISLAND SHORE LANE APT. 307
LAKE MARY, FL 32746-7212

          Serve:  KENTUCKY SECRETARY OF STATE
                  SUMMONS BRANCH
                  700 CAPITAL AVE., STE. 86
                  FRANKFORT, KY 40601

## COMPLAINT

** ** ** ** ** ** ** ** ** ** ** ** ** ** **

          Comes now the Plaintiff, Nicole Stumph, by counsel, and for her causes of action against

the above-named Defendants states as follows:

### PARTIES

          1.      The Plaintiff, Nicole Stumph, is a citizen and resident of Kentucky, residing in

Washington County.

          2.      Defendant Spring View Physician Practices, LLC was at all relevant times a

limited liability company organized in Delaware and was doing business under the assumed

Presiding Judge: HON. ALLAN RAY BERTRAM (611157)

COM : 000001 of 000008

Filed          18-CI-00287      12/21/2018                                      Kim T. May, Marion Circuit Clerk

Filed        18-CI-00287    12/21/2018                    Kim T. May, Marion Circuit Clerk

NOT ORIGINAL DOCUMENT
01/18/2019 02:37:09 PM
88910-4

name "Spring View Urology."

3.    Defendant Samuel Kriegler was at all relevant times a citizen and resident of Kentucky, residing in Marion County.

## JURISDICTION AND VENUE

4.    The circumstances giving rise to this Complaint took place in Marion County, Kentucky.

5.    The amount in controversy exceeds the jurisdictional requirements of this Court.

6.    This Court has jurisdiction over the parties and the subject matter and venue is proper in this Court.

## GENERAL ALLEGATIONS

7.    The incidents that form the basis of the claims stated herein are injuries to the Plaintiff that occurred on or about January 18, 2018 and on or about January 24, 2018 at the offices of Spring View Urology, 429 West Walnut Street, Lebanon, KY 40033. As a result of the negligent and intentional acts of the Defendants, the Plaintiff suffered unwanted physical contact and extreme emotional distress.

8.    On the dates of injury, the Plaintiff was a patient of the Defendants.

9.    At the offices of Spring View Urology on January 18, 2018, Defendant Samuel Kriegler touched the private areas, buttocks, and breasts of the Plaintiff. Such touching was offensive and unwanted.

10.    At the offices of Spring View Urology on January 24, 2018, Defendant Samuel Kriegler touched the buttocks and breasts of the Plaintiff. Such touching was offensive and unwanted.

11.    As a result of Defendant Samuel Kriegler's touching of the Plaintiff as described

Presiding Judge: HON. ALLAN RAY BERTRAM (611157)

COM : 000002 of 000008

Filed        18-CI-00287    12/21/2018                    Kim T. May, Marion Circuit Clerk

NOT ORIGINAL DOCUMENT
01/18/2019 02:37:09 PM
88910-4

herein, the Plaintiff experienced extreme and severe emotional distress.

12.    At all relevant times, Defendant Spring View Physician Practices, LLC had control over the selection, retention, supervision, and training of staff of the offices of Spring View Urology.

13.    Defendant Spring View Physician Practices, LLC failed to train employees to refrain from inappropriate touching of patients.

14.    Defendant Spring View Physician Practices, LLC failed to use reasonable care in the selection, retention, supervision, and training of Defendant Samuel Kriegler as its employee, agent, ostensible agent, servant, and/or other representative.

15.    Defendant Spring View Physician Practices, LLC knew or should have known that Defendant Samuel Kriegler posed a risk to patients of Spring View Urology in that he was prone to touch patients inappropriately.

16.    Defendant Spring View Physician Practices, LLC failed to warn patients of Spring View Urology that Defendant Samuel Kriegler posed a risk to them in that Defendant Kriegler was prone to touch patients inappropriately.

17.    Defendant Spring View Physician Practices, LLC failed to take other appropriate action to keep Defendant Kriegler from touching patients inappropriately.

18.    As a result of Defendant Spring View Physician Practices, LLC's failure to warn patients or to take other appropriate action to keep Defendant Kriegler from touching patients inappropriately, the Plaintiff suffered extreme and severe emotional distress.

19.    At all relevant times, Defendant Spring View Physician Practices, LLC acted by and through their authorized agents, ostensible agents, servants, employees, and/or other representatives. The doctrine of *respondeat superior* applies to the Defendants for the negligent

Presiding Judge: HON. ALLAN RAY BERTRAM (611157)

COM : 000003 of 000008

Filed        18-CI-00287    12/21/2018              Kim T. May, Marion Circuit Clerk ORIGINAL DOCUMENT
01/18/2019 02:37:09 PM
88910-4

acts or failure to act of their authorized agents, ostensible agents, servants, employees, and/or other representatives. The Defendants authorized and/or ratified the tortious conduct of their authorized agents, ostensible agents, servants, employees, and/or other representatives or should have anticipated that such tortious conduct would occur.

## COUNT I: BATTERY (January 18, 2018)

20.    The Plaintiff adopts and reiterates each and every allegation above as if set forth fully herein, incorporates same by reference, and further states:

21.    On or about January 18, 2018, Defendant Kriegler intentionally touched the Plaintiff in her vaginal area without gloves, touched the Plaintiff's breasts, and touched the Plaintiff's buttocks.

22.    Such aforementioned contact by Defendant Kriegler was unwanted and offensive.

23.    Defendant Kriegler's conduct was carried out in his capacity as an employee, agent, ostensible agent, and/or other representative of Spring View Physician Practices, LLC.

24.    The aforementioned actions caused the Plaintiff unwanted touching, humiliation, embarrassment, and emotional and mental suffering. The Defendants' outrageous and intolerable conduct as described herein caused  severe emotional stress and financial injuries suffered by the Plaintiff, including the following:

   a.    mental and physical pain and suffering both of a temporary and permanent nature all to her damage in a sum to be determined by a jury sitting in the trial of this matter;

   b.    the expenditure of sums of money for hospital, medical, and other rehabilitation expenses and will be caused to expend such sums of money in the future in a sum to be determined by a jury sitting in the trial of this matter;

Presiding Judge: HON. ALLAN RAY BERTRAM (611157)

COM : 000004 of 000008

Filed        18-CI-00287    12/21/2018            Kim T. May, Marion Circuit Clerk ORIGINAL DOCUMENT
01/18/2019 02:37:09 PM
88910-4

c.      loss of the Plaintiff's ability to lead and enjoy a normal life, all to her damage, in a sum to be determined by a jury sitting in the trial of this matter; and

d.      lost earnings and impaired ability to labor and earn money in the future, in a sum to be determined by a jury sitting in the trial of this matter.

## COUNT II: BATTERY (January 24, 2018)

25.    The Plaintiff adopts and reiterates each and every allegation above as if set forth fully herein, incorporates same by reference, and further states:

26.    On or about January 24, 2018, Defendant Kriegler intentionally touched the Plaintiff's breasts and touched the Plaintiff's buttocks.

27.    Such aforementioned contact by Defendant Kriegler was unwanted and offensive.

28.    Defendant Kriegler's conduct was carried out in his capacity as an employee, agent, ostensible agent, and/or other representative of Spring View Physician Practices, LLC.

29.    The aforementioned actions caused the Plaintiff unwanted touching, humiliation, embarrassment, and emotional and mental suffering. The Defendants' outrageous and intolerable conduct as described herein caused severe emotional stress and financial injuries suffered by the Plaintiff as described above.

## COUNT III: OUTRAGE

26.    The Plaintiff adopts and reiterates each and every allegation above as if set forth fully herein, incorporates same by reference, and further states:

27.    The Defendants' conduct was intentional and/or reckless and was offensive and against generally accepted standards of decency and morality.

28.    The Defendants knew or should have known that Defendant Kriegler's conduct would cause the Plaintiff severe emotional distress.

Presiding Judge: HON. ALLAN RAY BERTRAM (611157)

COM : 000005 of 000008

Filed        18-CI-00287    12/21/2018            Kim T. May, Marion Circuit Clerk

Filed          18-CI-00287     12/21/2018          Kim T. May, Marion Circuit Clerk          NOT ORIGINAL DOCUMENT
01/18/2019 02:37:09 PM
88910-4

29.     As a result of the Defendants' conduct as described herein, the Plaintiff suffered extreme and severe emotional distress.

30.     Defendant Kriegler's conduct was carried out in his capacity as an employee, agent, ostensible agent, servant, or other representative of Defendant Spring View Physician Practices, LLC.

31.     The aforementioned actions caused the Plaintiff unwanted touching, humiliation, embarrassment, and emotional and mental suffering. The Defendants' outrageous and intolerable conduct as described herein caused severe emotional stress and financial injuries suffered by the Plaintiff as described above.

## COUNT IV: NEGLIGENCE

32.     Defendant Spring View Physician Practices, LLC had a duty to the Plaintiff to use reasonable care in selecting, retaining, supervising, and training its employees, agents, ostensible agents, and other representatives.

33.     Defendant Spring View Physician Practices, LLC failed to use reasonable care in selecting, retaining, supervising, and training Defendant Samuel Kriegler.

34.     The failure of the Defendants to use reasonable care in selecting, retaining, supervising, and training Defendant Kriegler led to Defendant Kriegler's conduct described herein.

35.     The aforementioned actions caused the Plaintiff unwanted touching, humiliation, embarrassment, and emotional and mental suffering. The Defendants' outrageous and intolerable conduct as described herein caused severe emotional stress and financial injuries suffered by the Plaintiff as described above.

Presiding Judge: HON. ALLAN RAY BERTRAM (611157)

COM : 000006 of 000008

Filed          18-CI-00287     12/21/2018              Kim T. May, Marion Circuit Clerk

NOT ORIGINAL DOCUMENT
01/18/2019 02:37:09 PM
88910-4

## COUNT V: PUNITIVE DAMAGES

36.     The Plaintiff adopts and reiterates each and every allegation above as if set forth fully herein, incorporates same by reference, and further states:

37.     The above-described negligence of the Defendants constituted oppression, fraud, malice, gross negligence, and a reckless disregard for the lives and safety of others.

38.     As a direct and proximate result of the Defendants' negligence, oppression, fraud, malice, gross negligence, and a reckless disregard for the lives and safety of others, the Plaintiff suffered the injuries described herein so as to warrant the imposition of punitive damages.

39.     The imposition of punitive damages is necessary to serve as a deterrent effect to Defendants and others similarly situated.

**WHEREFORE**, the Plaintiff, Nicole Stumph, by counsel, demands judgment against the Defendants as follows:

1.     A trial by jury on all issues of fact herein;

2.     Judgment against the Defendants in a fair and reasonable amount;

3.     Pre and post-judgment interest;

4.     Compensatory damages to the extent determined by a trier of fact, including compensation for past and future medical expenses and past and future pain and suffering;

5.     Punitive damages to the extend determined appropriate by a trier of fact;

6.     Attorney's fees;

7.     Plaintiff's costs herein expended; and

8.     Any and all other relief to which the Plaintiff is entitled.

Presiding Judge: HON. ALLAN RAY BERTRAM (611157)

COM : 000007 of 000008

Filed          18-CI-00287          12/21/2018          Kim T. May, Marion Circuit Clerk    NOT ORIGINAL DOCUMENT
                                                                                                 01/18/2019 02:37:09 PM
                                                                                                 88910-4

Respectfully submitted,

 /s/ Brenton D. Stanley_____
Brenton D. Stanley, Esq.
Danielle R. Blandford, Esq.
MORGAN & MORGAN KENTUCKY, PLLC
420 West Liberty Street, Suite 260
Louisville, KY 40202-3048
Phone: (502) 912-5906
FAX: (502) 912-6452
bstanley@forthepeople.com
dblandford@forthepeople.com
*Counsel for the Plaintiff*

Presiding Judge: HON. ALLAN RAY BERTRAM (611157)

COM : 000008 of 000008

Filed          18-CI-00287          12/21/2018          Kim T. May, Marion Circuit Clerk

NOT ORIGINAL DOCUMENT
01/18/2019 02:37:46 PM
88910-4



| AOC-E-105    Sum Code: CI<br>Rev. 9-14 | | Case #: **18-CI-00287** |
| Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov | | Court: **CIRCUIT** |
| CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | County: **MARION** |

*Plantiff,* **STUMPH, NICOLE VS. SPRING VIEW PHYSICIAN PRACTICES, LLC, ET**, *Defendant*

TO:   **SAMUEL KRIEGLER**

   **1173 ISLAND SHORE LANE**

   **APT. 307**

   **LAKE MARY, FL 32746**

The Commonwealth of Kentucky to Defendant:

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Kim May*

Marion Circuit Clerk
Date: **12/21/2018**

Presiding Judge: HON. ALLAN RAY BERTRAM (611157)

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20 _____      _____

Served By

_____

Title

CI : **000001 of 000001**

Summons ID: @00000051058
CIRCUIT: 18-CI-00287 Long Arm Statute – SOS - Restricted Delivery
STUMPH, NICOLE VS. SPRING VIEW PHYSICIAN PRACTICES, LLC, ET



Page 1 of 1

**eFiled**



NOT ORIGINAL DOCUMENT
01/18/2019 02:38:06 PM
88910-4

| | |
|---|---|
| AOC-E-105      Sum Code: CI<br>Rev. 9-14 | Case #: **18-CI-00287** |
| Commonwealth of Kentucky<br>Court of Justice      *Courts.ky.gov* | Court: **CIRCUIT** |
| CR 4.02; Cr Official Form 1 | County: **MARION** |

# CIVIL SUMMONS

*Plantiff,* **STUMPH, NICOLE VS. SPRING VIEW PHYSICIAN PRACTICES, LLC, ET**, *Defendant*

TO:  **C T CORPORATION SYSTEM**

    **306 W MAIN ST.**

    **SUITE 512**

    **FRANKFORT, KY 40601**

Memo: Related party is SPRING VIEW PHYSICIAN PRACTICES, LLC

The Commonwealth of Kentucky to Defendant:
**SPRING VIEW PHYSICIAN PRACTICES, LLC**

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Kim May*

Marion Circuit Clerk
Date: **12/21/2018**

Presiding Judge: HON. ALLAN RAY BERTRAM (611157)

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

Date: _____, 20_____

                                  _____

                                        Served By

                                  _____

                                        Title

CI : 000001 of 000001

Summons ID: @00000051059
CIRCUIT: 18-CI-00287 Certified Mail
STUMPH, NICOLE VS. SPRING VIEW PHYSICIAN PRACTICES, LLC, ET



**eFiled**

Filed          18-CI-00287     01/16/2019          Kim T. May, Marion Circuit Clerk    NOT ORIGINAL DOCUMENT
01/18/2019 02:38:21 PM
88910-4

*Electronically Filed January 16, 2019*

**COMMONWEALTH OF KENTUCKY**
**MARION CIRCUIT COURT**
**CIVIL ACTION NO. 18-CI-00287**

NICOLE STUMPH                                                          PLAINTIFF

**v.**

**SPRING VIEW PHYSICIAN**
**PRACTICES, LLC d/b/a**
**SPRING VIEW UROLOGY;**
**SAMUEL KRIEGLER**                                                    DEFENDANTS

\* \* \* \* \* \* \* \*

**ANSWER OF DEFENDANT SPRING VIEW PHYSICIAN**
**PRACTICES, LLC, d/b/a SPRING VIEW UROLOGY, TO PLAINTIFF'S COMPLAINT**

Defendant Spring View Physician Practice, LLC, d/b/a Spring View Urology ("Defendant"), by counsel, and for their Answer to Plaintiff's Complaint, states as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state claims upon which relief can be granted.

**SECOND DEFENSE**

Without waiving their denial of liability to Plaintiff, Defendant states that Plaintiff's injuries and damages may have been caused in whole or in part by the acts, omissions and/or negligence of other persons and/or third parties not under the direction and control of this Defendant, and said acts, omissions or negligence constitute either a complete or partial bar to recovery herein, and this Defendant is or may be entitled to contribution, indemnity, and/or an instruction permitting the jury to apportion fault to other persons or parties.

ANS : 000001 of 000011

Filed          18-CI-00287          01/16/2019          Kim T. May, Marion Circuit Clerk   NOT ORIGINAL DOCUMENT
01/18/2019 02:38:21 PM
88910-4

### THIRD DEFENSE

Without waiving their denial of liability to Plaintiff, Defendant states that any injuries and damages to Plaintiff resulted in whole or in part from intervening acts and/or superseding causes over which Defendant had no control or for which Defendant had no responsibility or liability.

### FOURTH DEFENSE

Without waiving their denial of liability to Plaintiff, Defendant states that Plaintiff failed to mitigate her damages.

### FIFTH DEFENSE

Without waiving their denial of liability to Plaintiff, Defendant states that all damages to Plaintiff alleged in the Complaint may have been caused in whole or in part by Plaintiff's own negligence and, as such, Plaintiff's claims are barred in whole or in part.

### SIXTH DEFENSE

Plaintiff's claims for attorney's fees, costs, and pre-judgment ad post-judgment interest fail to state claims upon which relief may be granted.

### SEVENTH DEFENSE

Without waiving their denial of liability to the Plaintiff, this Defendant states that the Plaintiff has failed to plead allegations sufficient to justify an award of punitive damages or for gross negligence.

### EIGHTH DEFENSE

The claims of the Plaintiff for punitive damages or for gross negligence against this Defendant should be dismissed because any award of punitive damages without bifurcating the trial and trying all punitive damages issues separately, if, and only if, liability on the merits has

2

ANS : 000002 of 000011

Filed        18-CI-00287        01/16/2019        Kim T. May, Marion Circuit Clerk

NOT ORIGINAL DOCUMENT
01/18/2019 02:38:21 PM
88910-4

been found would violate Defendant's due process rights guaranteed by the Fourteenth Amendment of the United States Constitution and the due process provisions of the Constitutions of the United States and the Commonwealth of Kentucky.

## NINTH DEFENSE

The claims of the Plaintiff for punitive damages or for gross negligence against this Defendant should be dismissed because an award of punitive damages under Kentucky law, which is not subject to a predetermined limit on the amount of punitive damages that a jury may impose, would violate Defendant's due process rights guaranteed by the Constitutions of the United States and the Commonwealth of Kentucky, and would violate the excessive fines provision of said Constitutions.

## TENTH DEFENSE

Plaintiff's claims for punitive damages or for gross negligence against this Defendant should be dismissed as being in violation of the United States Constitution, including but not limited to the Fifth and Eighth Amendments, as applied to the states through the Fourteenth Amendment of the United States Constitution.

## ELEVENTH DEFENSE

The claims of the Plaintiff for punitive damages or for gross negligence against this Defendant should be dismissed because a jury, under Kentucky law:

    a.    is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award;

    b.    is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment;

3

ANS : 000003 of 000011

Filed          18-CI-00287          01/16/2019          Kim T. May, Marion Circuit Clerk    NOT ORIGINAL DOCUMENT
01/18/2019 02:38:21 PM
88910-4

c.    is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidious discriminatory characteristics, including the residence and wealth of the Defendants;

d.    is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and

e.    is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of an objective standard.

For the foregoing reasons, such an award would violate the due process and equal protection rights guaranteed under the Fourteenth Amendment of the United States Constitution and the Constitution of the Commonwealth of Kentucky.

## TWELFTH DEFENSE

Plaintiff's claim for punitive damages or for gross negligence against this Defendant should be dismissed as being in violation of the Constitution of the Commonwealth of Kentucky, including but not limited to Articles 2, 17, and 26.

## THIRTEENTH DEFENSE

In defense of Plaintiff's claim for gross negligence, this Defendant hereby incorporates by reference the terms and provisions of KRS 411.184 and 411.186, as well as the applicable terms, provisions and protection afforded by the Constitutions of the United States and the Commonwealth of Kentucky.

ANS : 000004 of 000011

Filed          18-CI-00287          01/16/2019          Kim T. May, Marion Circuit Clerk

Filed        18-CI-00287      01/16/2019              Kim T. May, Marion Circuit Clerk    NOT ORIGINAL DOCUMENT
                                                                    01/18/2019 02:38:21 PM
                                                                    88910-4

## FOURTEENTH DEFENSE

Except as affirmatively admitted, every allegation of the Plaintiff's Complaint is denied.

## FIFTEENTH DEFENSE

This Defendant provisionally pleads as affirmative defenses those defenses of Kentucky Civil Rule 8.03 as though fully restated herein. This Defendant reserves the right to assert additional defenses, whether affirmative or otherwise, about which they presently lack sufficient knowledge or information, but which may become available to them during the course of this litigation, through discovery, or by other means. The Defendants reserves their right to amend their Answer to add additional affirmative defenses as of right or as justice may require.

## SIXTEENTH DEFENSE

### Complaint

### Parties

1.      Defendant is without sufficient information to confirm or deny the allegations in Paragraph 1 of the Complaint, and therefore denies them.

2.      With respect to the allegations in Paragraph 2 of the Complaint, Defendant admits that it is a limited liability company organized in Delaware and that is does business under an assumed named, "Spring View Urology." Defendant denies the remaining allegations in Paragraph 2 of the Complaint inconsistent with this answer.

3.      The allegations in Paragraph 3 of the Complaint are directed to another defendant, and therefore no response is required from this Defendant. To the extent a response is required, Defendant is without sufficient information to confirm or deny the allegations in Paragraph 3 of the Complaint, and therefore denies them.

ANS : 000005 of 000011

Filed        18-CI-00287      01/16/2019              Kim T. May, Marion Circuit Clerk

Filed        18-CI-00287        01/16/2019        Kim T. May, Marion Circuit Clerk    NOT ORIGINAL DOCUMENT
01/18/2019 02:38:21 PM
88910-4

## Jurisdiction and Venue

4.      Defendant is without sufficient information to confirm or deny the allegations in Paragraph 4 of the Complaint, and therefore denies them.

5.      Paragraph 5 of the Complaint purports to set forth a legal conclusion, to which no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to ascertain the truth of the allegations contained in Paragraph 5 of the Complaint, and therefore denies them.

6.      Paragraph 6 of the Complaint purports to set forth a legal conclusion, to which no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to ascertain the truth of the allegations contained in Paragraph 6 of the Complaint, and therefore denies them.

## General Allegations

7.      Defendant denies the allegations in Paragraph 7 of the Complaint.

8.      With respect to the allegations in Paragraph 8 of the Complaint, Defendant admits that Plaintiff was a patient on or about January 18, 2018 and January 24, 2018. Defendant denies the remaining allegations in Paragraph 8 of the Complaint.

9.      Defendant denies the allegations in Paragraph 9 of the Complaint.

10.     Defendant denies the allegations in Paragraph 10 of the Complaint.

11.     Defendant denies the allegations in Paragraph 11 of the Complaint.

12.     Paragraph 12 of the Complaint purports to set forth a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 12 of the Complaint.

13.     Defendant denies the allegations in Paragraph 13 of the Complaint.

ANS : 000006 of 000011

6

Filed          18-CI-00287          01/16/2019          Kim T. May, Marion Circuit Clerk     NOT ORIGINAL DOCUMENT
01/18/2019 02:38:21 PM
88910-4

14.     Defendant denies the allegations in Paragraph 14 of the Complaint.

15.     Defendant denies the allegations in Paragraph 15 of the Complaint.

16.     Defendant denies the allegations in Paragraph 16 of the Complaint.

17.     Defendant denies the allegations in Paragraph 17 of the Complaint.

18.     Defendant denies the allegations in Paragraph 18 of the Complaint.

19.     Defendant denies the allegations in Paragraph 19 of the Complaint.

### Count I: Battery (January 18, 2018)

20.     Paragraph 20 of the Complaint is cumulative, and no response is required.  To the extent a response is required, Defendant reiterates and incorporates all previous answers and defenses.

21.     Defendant denies the allegations in Paragraph 21 of the Complaint.

22.     Defendant denies the allegations in Paragraph 22 of the Complaint.

23.     Defendant denies the allegations in Paragraph 23 of the Complaint.

24.     Defendant denies the allegations in Paragraph 24 of the Complaint, including its subparts (a) through (d).

### Count II: Battery (January 24, 2018)

25.     Paragraph 25 of the Complaint is cumulative, and no response is required.  To the extent a response is required, Defendant reiterates and incorporates all previous answers and defenses.

26.     Defendant denies the allegations in Paragraph 26 of the Complaint.

27.     Defendant denies the allegations in Paragraph 27 of the Complaint.

28.     Defendant denies the allegations in Paragraph 28 of the Complaint.

29.     Defendant denies the allegations in Paragraph 29 of the Complaint.

ANS : 000007 of 000011

Filed          18-CI-00287          01/16/2019          Kim T. May, Marion Circuit Clerk

Filed          18-CI-00287     01/16/2019          Kim T. May, Marion Circuit Clerk  NOT ORIGINAL DOCUMENT
                                                                    01/18/2019 02:38:21 PM
                                                                    88910-4

## Count III: Outrage

30.     Paragraph 30 (incorrectly numbered 26) of the Complaint is cumulative, and no response is required.  To the extent a response is required, Defendant reiterates and incorporates all previous answers and defenses.

31.     Defendant denies the allegations in Paragraph 31 (incorrectly numbered 27) of the Complaint.

32.     Defendant denies the allegations in Paragraph 32 (incorrectly numbered 28) of the Complaint.

33.     Defendant denies the allegations in Paragraph 33 (incorrectly numbered 29) of the Complaint.

34.     Defendant denies the allegations in Paragraph 34 (incorrectly numbered 30) of the Complaint.

35.     Defendant denies the allegations in Paragraph 35 (incorrectly numbered 31) of the Complaint.

## Count IV: Negligence

36.     Paragraph 36 (incorrectly numbered 32) of the Complaint is cumulative, and no response is required.  To the extent a response is required, Defendant reiterates and incorporates all previous answers and defenses.

37.     Defendant denies the allegations in Paragraph 37 (incorrectly numbered 33) of the Complaint.

38.     Defendant denies the allegations in Paragraph 38 (incorrectly numbered 34) of the Complaint.

39.     Defendant denies the allegations in Paragraph 39 (incorrectly numbered 35) of the

ANS : 000008 of 000011

8

Filed    18-CI-00287    01/16/2019    Kim T. May, Marion Circuit Clerk

NOT ORIGINAL DOCUMENT
01/18/2019 02:38:21 PM
88910-4

Complaint.

## Count V: Punitive Damages

40.    Paragraph 40 (incorrectly numbered 36) of the Complaint is cumulative, and no response is required.  To the extent a response is required, Defendant reiterates and incorporates all previous answers and defenses.

41.    Defendant denies the allegations in Paragraph 41 (incorrectly numbered 37) of the Complaint.

42.    Defendant denies the allegations in Paragraph 42 (incorrectly numbered 38) of the Complaint.

43.    Defendant denies the allegations in Paragraph 43 (incorrectly numbered 39) of the Complaint.

WHEREFORE, Defendant Spring View Physician Practice, LLC, d/b/a Spring View Urology, having answered the Plaintiff's Complaint, demands as follows:

1.    That the Complaint against it be dismissed with prejudice;

2.    A trial by jury on all issues so triable;

3.    For their costs herein expended;

4.    For leave to file an amended pleading upon completion of discovery; and

5.    All other appropriate relief to which it may now or hereafter appear to be entitled.

Respectfully submitted,

THOMPSON MILLER & SIMPSON PLC

*/s/ B. Todd Thompson*_____
B. Todd Thompson
Eleanor M. B. Davis
734 W. Main Street, Suite 400

9

ANS : 000009 of 000011

Filed         18-CI-00287    01/16/2019              Kim T. May, Marion Circuit Clerk    NOT ORIGINAL DOCUMENT
                                                                      01/18/2019 02:38:21 PM
                                                                      88910-4

Louisville, Kentucky 40202
tthompson@tmslawplc.com
edavis@tmslawplc.com
*Counsel for Defendant, Spring View Physician*
*Practices, LLC, d/b/a Spring View Urology*

ANS : 000010 of 000011

10

Filed        18-CI-00287      01/16/2019                    Kim T. May, Marion Circuit Clerk  NOT ORIGINAL DOCUMENT
                                                                                         01/18/2019 02:38:21 PM
                                                                                         88910-4

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the foregoing was served this 16th day

of January, 2019 via the Court's electronic filing system and email to the following:


Brenton D. Stanley
Danielle R. Blandford
MORGAN & MORGAN KENTUCKY, PLLC
420 West Liberty Street, Suite 260
Louisville, KY 40202-3038
bstanley@forthepeople.com
dblandford@forthepeople.com
*Counsel for Plaintiff*

Bradley A. Case
Paige N. Johnson
DINSMORE
101 S. Fifth Street
Suite 2500 PNC Tower
Louisville, KY 40202
Bradley.case@dinsmore.com
Paige.johnson@dinsmore.com
*Counsel for Defendant Samuel Krieger*


> */s/ B. Todd Thompson*_____
> *Counsel for Defendant, Spring View Physician*
> *Practices, LLC, d/b/a Spring View Urology*

11

ANS : 000011 of 000011

Filed          18-CI-00287     01/16/2019          Kim T. May, Marion Circuit Clerk

NOT ORIGINAL DOCUMENT
01/18/2019 02:38:39 PM
88910-4

COMMONWEALTH OF KENTUCKY
MARION CIRCUIT COURT
CASE NO. 18-CI-00287
*Electronically Filed*


NICOLE STUMPH                                                                    PLAINTIFF

v.                              **ANSWER OF SAMUEL KRIEGLER, M.D.**

SPRING VIEW PHYSICIAN PRACTICES,
LLC d/b/a SPRING VIEW UROLOGY, et al.                              DEFENDANTS

                            *          *          *          *          *

      Defendant Samuel Kriegler, M.D., by counsel, states as follows for his Answer to the

plaintiff's Complaint:

### FIRST DEFENSE

      The plaintiff's Complaint fails to state a claim against this defendant on which relief can

be granted.

### SECOND DEFENSE

      1.     This defendant is without knowledge or information sufficient to form a belief as

to the truth of the averments of Paragraphs 1 and 2 of the Complaint.

      2.     This defendant admits the averments of Paragraph 3 of the Complaint that on

January 18, 2018 and January 24, 2018, he was a citizen and resident of Kentucky, and he

resided in Marion County. Before the filing of the Complaint, however, Defendant became a

citizen and resident of Florida.

      3.     This defendant admits the averments of Paragraph 4 of the Complaint (although

he disputes the plaintiff's later characterization of the "circumstances" giving rise to the

Complaint).

ANS : 000001 of 000004

Filed          18-CI-00287    01/16/2019              Kim T. May, Marion Circuit Clerk

NOT ORIGINAL DOCUMENT
01/18/2019 02:38:39 PM
88910-4

4.    Paragraphs 5 and 6 of the Complaint contain plaintiff's legal conclusions to which no response is required. If a response is deemed required, this defendant states that he does not have sufficient knowledge or information to form a belief as to the truth of the averments in these paragraphs.

5.    This defendant denies the averments of Paragraph 7 of the Complaint.

6.    This defendant denies the averments of Paragraph 8 of the Complaint that he caused the plaintiff to suffer an injury. Because he does not currently have the plaintiff's Spring View Urology records, this defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of this paragraph.

7.    This defendant denies the averments of Paragraphs 9, 10 and 11 of the Complaint.

8.    This defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of Paragraphs 12.

9.    This defendant denies the averments of Paragraphs 13, 14, 15, 16, 17 and 18 of the Complaint.

10.    This defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of Paragraph 19 of the Complaint.

11.    For his response regarding Paragraph 20, this defendant adopts and reiterates his responses to the averments of the paragraphs above.

12.    This defendant denies the averments of Paragraphs 21, 22, 23 and 24 of the Complaint.

13.    For his response to Paragraph 25, this defendant adopts and reiterates his responses to the averments of the paragraphs above.

ANS : 000002 of 000004

2

Filed        18-CI-00287        01/16/2019                    Kim T. May, Marion Circuit Clerk      NOT ORIGINAL DOCUMENT
01/18/2019 02:38:39 PM
88910-4

14.    This defendant denies the averments of Paragraphs 26, 27, 28 and 29 of the Complaint.

15.    After Paragraph 29, the numbered paragraphs of the Complaint begin at number 26 again. For his response to the second Paragraph 26, this defendant adopts and reiterates his responses to the averments of the paragraphs above.

16.    This defendant denies the averments of Paragraphs 27, 28, 29, 30 and 31 *[sic]* of the Complaint.

17.    Paragraph 32 *[sic]* of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed required, this defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of these paragraphs.

18.    This defendant denies the averments of Paragraphs 33, 34 and 35 *[sic]* of the Complaint.

19.    For his response to Paragraph 36 *[sic]*, this defendant adopts and reiterates his responses to the averments of the paragraphs above.

20.    This defendant denies the averments of Paragraphs 37, 38, and 39 *[sic]* of the Complaint.

### THIRD DEFENSE

Plaintiff's punitive damages claim is barred or limited in amount by the due process clauses (or other applicable clauses) of the United States Constitution and the Kentucky Constitution.

WHEREFORE, having answered the plaintiff's Complaint, defendant, Samuel Kriegler, M.D., demands as follows:

ANS : 000003 of 000004

Filed        18-CI-00287        01/16/2019                    Kim T. May, Marion Circuit Clerk

Filed          18-CI-00287        01/16/2019                    Kim T. May, Marion Circuit Clerk

NOT ORIGINAL DOCUMENT
01/18/2019 02:38:39 PM
88910-4

1.      That plaintiff's Complaint be dismissed as to him;

2.      For his costs herein expended;

3.      For permission to file an amended answer upon completion of reasonable discovery; and

4.      For any other appropriate relief to which it may now or later appear to be entitled.

Respectfully submitted,

/s/ Bradley A. Case
Bradley A. Case
Paige N. Johnson
DINSMORE & SHOHL LLP
101 South Fifth Street, Suite 2500
Louisville, Kentucky 40202
(502) 540-2300
Fax (502) 585-2207
bradley.case@dinsmore.com
paige.johnson@dinsmore.com
*Counsel for Defendant, Samuel Kriegler, M.D.*

## CERTIFICATE OF SERVICE

I certify that on January 16, 2019, a copy of the foregoing was filed electronically through the KYeCourts system and was sent to the following:

Brenton D. Stanley, Esq.                    B. Todd Thompson
Danielle R. Blandford, Esq.                 Eleanor M. B. Davis
Morgan & Morgan Kentucky, PLLC              Thompson Miller & Simpson PLC
420 West Liberty Street, Suite 260          734 West Main Street Suite 400
Louisville, KY 40202                        Louisville, KY 40202
bstanley@forthepeople.com                   tthompson@tmslawplc.com
dblandford@forthepeople.com                 edavis@tmslawplc.com
*Counsel for Plaintiff*                     *Counsel for Defendant, Spring View Physician*
                                            *Practices, LLC d/b/a Spring View Urology*

/s/ Bradley A. Case
*Counsel for Defendant, Samuel Kriegler, M.D.*

14342732v1

ANS : 000004 of 000004

Filed          18-CI-00287        01/16/2019        Kim T. May, Marion Circuit Clerk



# KENTUCKY
## COURT OF JUSTICE

# Summary Report
**Printed By:** Bradley Case

**\*\*\*\* NOT AN OFFICIAL COURT RECORD \*\*\*\***

**Case Record 1 of 1**

## Case Information

| CASE | COUNTY | DIVISION | CASE STYLE |
|---|---|---|---|
| **18-CI-00287** | **MARION** | **CIRCUIT** | **STUMPH, NICOLE VS. SPRING VIEW PHYSICIAN PRACTICES, LLC, ET** |

FILED DATE
**12/21/2018**

## Party Information

NAME: **KRIEGLER, SAMUEL**   PARTY TYPE: **DEFENDANT / RESPONDENT**
HEIGHT: **N/A**   WEIGHT: **N/A**

> **Address**
> 1173 ISLAND SHORE LANE 1173 ISLAND SHORE LANE LAKE MARY,FL 32746
> **Summons**
> > **CIVIL SUMMONS**   issued on **12/21/2018**   by way of **LONG ARM STATUTE - SOS - RESTRICTED DELIVERY**

NAME: **SPRING VIEW PHYSICIAN PRACTICES, LLC**   PARTY TYPE: **DEFENDANT / RESPONDENT**
HEIGHT: **N/A**   WEIGHT: **N/A**

> **Address**
> D/B/A SPRING VIEW UROLOGY D/B/A SPRING VIEW UROLOGY BRENTWOOD,TN 37027
> **Summons**
> > **CIVIL SUMMONS**   issued on **12/21/2018**   served on **12/28/2018**   by way of **CERTIFIED MAIL**

NAME: **STUMPH, NICOLE**   PARTY TYPE: **PLAINTIFF / PETITIONER**
HEIGHT: **N/A**   WEIGHT: **N/A**

> **Address**
> 1209 BRUSH GROVE RD WILLISBURG,KY 40078

NAME: **CASE, BRADLEY**   PARTY TYPE: **ATTORNEY FOR DEFENDANT**
HEIGHT: **N/A**   WEIGHT: **N/A**

> **Address**
> DINSMORE & SHOHL, LLP DINSMORE & SHOHL, LLP LOUISVILLE,KY 40202

NAME: **STANLEY, BRENTON D.**   PARTY TYPE: **ATTORNEY FOR PLAINTIFF**
HEIGHT: **N/A**   WEIGHT: **N/A**

> **Address**
> MORGAN & MORGAN KENTUCKY, PLLC MORGAN & MORGAN KENTUCKY, PLLC LOUISVILLE,KY 40202

NAME: **THOMPSON, TODD**   PARTY TYPE: **ATTORNEY FOR DEFENDANT**
HEIGHT: **N/A**   WEIGHT: **N/A**

> **Address**
> THOMPSON MILLER & SIMPSON PLC THOMPSON MILLER & SIMPSON PLC LOUISVILLE,KY 40202

NAME: **C T CORPORATION SYSTEM**   PARTY TYPE: **REGISTERED AGENT OF SERVICE**

HEIGHT: **N/A**   WEIGHT: **N/A**

**Address**
306 W MAIN ST. 306 W MAIN ST. FRANKFORT,KY 40601

## Document Information

**COMPLAINT / PETITION** filed on **12/21/2018**

**ANSWER** filed on **01/16/2019**

**ANSWER** filed on **01/16/2019**

## Event Information

**Events**

NO Future Events Scheduled

**\*\*\*\* End of Case Number : 18-CI-00287 \*\*\*\***