UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:19-CV-00053-LLK

NICOLE STUMPH                                                  PLAINTIFF

v.

SPRING VIEW PHYSICIAN PRACTICES, LLC *et al*                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

The parties consented to have the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, determine all dispositive and non-dispositive matters in this case, with any appeal lying before the Sixth Circuit Court of Appeals. (Docket # 14).

Defendant Spring View Physician Practices ("Spring View") has filed a Motion to Bifurcate and Stay Discovery (Docket # 25). Plaintiff Stumph has responded (Docket # 27), as has Defendant Kriegler. (Docket # 30). Defendant Spring View has filed a reply. (Docket # 32). This matter is fully briefed and ripe for adjudication.

For the reasons discussed below, Spring View's Motion to Bifurcate and Stay Discovery (Docket # 25) is **DENIED**.

### Background

This matter arises from two alleged incidents of sexual misconduct by Defendant Dr. Samuel Kriegler, an employee of Spring View Urology, at Spring View's offices. Plaintiff Nicole Stumph alleges that she was the victim of unwanted sexual touching from Defendant Kriegler during her patient visits with Defendant Kriegler. (Docket #1-2 at 2). Plaintiff alleges that Defendant Kriegler "touched the private areas, buttocks, and breasts of the Plaintiff" during her patient visits on January 18, 2018 and January 24, 2018 and that "such touching was

1

offensive and unwarranted." (Id.). Plaintiff brings claims against Defendant Spring View for negligent selection, retention, supervision, and training of Defendant Kriegler, resulting in Defendant Kriegler's actions while functioning as its agent/employee. (Id. at 3). Plaintiff brings claims of battery (Counts I & II), outrage (Count III), negligence (Count IV), and for punitive damages (Count V) against Defendant Kriegler. (Id.). On January 18, 2019, Defendant Kriegler removed the case from the Marion Circuit Court. (Docket # 1).

On October 1, 2019, Spring View filed a Motion to Bifurcate and Stay Discovery. Therein, Spring View argues that the Court should exercise its discretion to bifurcate Plaintiff's claims against Defendant Kriegler from what it calls "the secondary, dependent claims against Spring View Urology." (Docket # 25 at 1). Spring View further argues that the Kentucky Supreme Court's holding in Lake Cumberland Reg. Hosp., LLC v. Adams, 536 S.W.3d 683 (Ky. 2017) necessitates bifurcation of the claims against Dr. Kriegler from the claims against Spring View, via the exercise of the Court's discretion pursuant to Federal Rule of Civil Procedure 42(b). Dr. Kriegler joins in this Motion. (Docket # 30).

Plaintiff responds that bifurcation would not promote judicial economy and would instead risk inconsistent proceedings and verdicts. (Docket # 27). Specifically, Plaintiff contends that the evidence against both Defendants is "certain to be largely overlapping and intertwined" and that bifurcation would only serve to allow Spring View "a preview of most of Plaintiff's case." (Id. at 3). Plaintiff further argues that Spring View has not met its burden to show the necessity of bifurcation and that the Motion is untimely. (Id. at 2).

**Legal Standard**

Under Federal Rule of Civil Procedure 42(b), the Court may bifurcate a trial "for convenience, to avoid prejudice, or to expedite and economize." Fed.R.Civ.P.42(b); Wilson v.

2

Morgan, 477 F.3d 326, 339 (6th Cir. 2007) *citing* Yung v. Raymark Indus., Inc., 789 F.2d 397, 400 (6th Cir. 1986). The court must consider several facts, including "the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy" in determining whether to bifurcate. Martin v. Heideman, 106 F.3d 106 F.3d 1308, 1311 (6th Cir. 1997). "The language of Rule 42(b) places the decision to bifurcate within the discretion" of this Court. Saxion v. Titan-C-Mfg., Inc., 86 F.3d 553, 556 (6th Cir. 1996) (*citing* Davis v. Freels, 583 F.2d 337, 339 (7th Cir. 1978).

This Court is vested with the "inherent authority to manage" its docket and affairs "with a view toward the efficient and expedient resolution of cases." Dippin' Dots, LLC v. Travelers Prop. Cas. Co. of Am., 322 F.R.D. 271, 273 (W.D. Ky. 2017) (*quoting* Dietz v. Bouldin, 136 S.Ct. 1885, 1892 (2016) (collecting cases)). "[T]he power to stay proceedings" is part of that authority. Gray v. Bush, 628 F.3d 779, 785 (6th Cir. 2010) (alteration in original) (*quoting* Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). In exercising its judgment, this Court must "weight competing interests and maintain an even balance." Landis, 299 U.S. at 255 (*citing* Kan. City S. Ry. Co. v. United States, 282 U.S. 760, 763 (1931); Enelow v. N.Y. Life Ins. Co., 293 U.S. 379, 382 (1935).

"Bifurcation may be appropriate where the evidence offered on two different issues will be wholly distinct, or where litigation of one issue may obviate the need to try another issue." Athridge v. Aetna Cas. & Sur. Co., 604 F.3d 625, 635 (D.C. Cir. 2010) (*quoting* Vichare v. AMBAC Inc., 106 F.3d 457, 466 (2nd Cir. 1996) (internal quotation marks omitted). "[T]he question of bifurcation centers on whether resolution of a single claim would be dispositive for the entire case." Brantley v. Safeco Ins. Co. of Am., No. 1:11-cv-54-R, 2011 WL 6012554, at *2 (W.D. Ky. Dec. 1, 2011) (*citing* Smith v. Allstate Ins. Co., 403 F.3d 401, 407 (6th Cir. 2005)).

## Analysis

Defendant Spring View's argument for bifurcation centers on the assertion that Plaintiff's negligence claims against it cannot succeed absent success on her claims against Defendant Kriegler. (Docket # 25 at 5). Spring View asserts that the only proper procedure for deciding these claims, which arise from Kentucky law, is to decide the claims against it after a separate phase of proceedings that decide the claims against Defendant Kriegler. (Id.). Spring View argues that, absent proof of an underlying tort committed by Kriegler, it cannot be found liable for Plaintiff's claims against it. (Id.). For this assertion, Spring View refers to what it calls "clear Kentucky law" derived from the case of Lake Cumberland Reg. Hosp., LLC v. Adams, 536 S.W.3d 683 (Ky. 2017).

In Lake Cumberland Reg. Hosp., the Kentucky Supreme Court reviewed a case to determine whether Kentucky law granted a cause of action for negligent credentialing. Id. For present purposes, the important facts are that a set of patients brought claims of negligence against the hospital for the actions of a non-employee physician that it credentialed. Id. at 686-87. The Kentucky Supreme Court, while focusing primarily on the existence, or lack thereof, of negligent credentialing as a cause of action in Kentucky law, recognized that other Courts bifurcated trials in jurisdictions that expressly recognize negligent credentialing as a separate tort. Id. at 692 (internal citations omitted). The Court focused on the concept that without negligence on the part of the agent, there could be no vicarious liability on the part of the principal. Id. at n.2. However, the Court's findings were focused on the derivative nature of the Plaintiff's claims. Id. at 691 n.1. The Kentucky Supreme Court in no way "recommended a bifurcated procedure" as argued by Defendants in this case. (Docket # 25 at 1); Lake Cumberland Reg. Hosp., 536 S.W.3d at 697.

Kentucky courts have found that bifurcation of claims of negligent supervision and training from the underlying tort claims against the employee is not necessarily warranted. *See* MV Transp. v. Allgeier, 433 S.W.3d 324, 337 (Ky. 2014) ("[W]e hold that a plaintiff may assert and pursue in the same action a claim against an employer based under *respondeat superior* upon the agent's negligence, and a separate claim based upon the employer's own direct negligence in hiring, retention, supervision, or training."); Calhoun v. Provence, 395 S.W.3d 476, 481 (Ky. App. 2012) (In determining whether to bifurcate claims in a case bringing negligence claims against driver and employer through doctrine of *respondeat superior*, "To support the conclusion that bifurcation is warranted, the trial court need only determine either that separate trials will be convenient, or will avoid prejudice or will be expeditious and economical.") *overruled on other grounds by* Travelers Indemnity Co. v. Armstrong, 565 S.W.3d 550 (Ky. 2018).; McDonald's Corp. v. Ogborn, 309 S.W.3d 274, 286 (Ky. App. 2009) ("A jury's finding of no negligence does not insulate anyone from liability for an independent claim of intentional tort or statutory violation.").

Additionally, precedent in this Court leads to the same conclusion.[1] In Sierra v. Williamson, Case No. 4:10-CV-00079, 2013 WL 12237672 (W.D. Ky. July 9, 2013), Judge Russell laid out the evaluation this Court must undertake in evaluating the propriety of bifurcation under Rule 42. In that case, the Court examined a request by the defendant to bifurcate claims challenging the validity of amendments to a trust from claims of capacity and undue influence regarding the settlor of the trust. Id. at *1. The Court found bifurcation to be

---

[1] Federal law controls the decision to bifurcate, and the decision to do so is entirely within the Court's discretion under Federal Rule of Civil Procedure 42. Tinch v. City of Dayton, 77 F.3d 483 (Table) (6th Cir. 1996); *citing* In re Beverly Hills Fire Litigation, 695 F.2d 207, 216 (6th Cir. 1982), *cert. denied*, 461 U.S. 929 (1983); Beeck v. Aquaslide, 562 F.2d 537, 542 (8th Cir. 1977).

unwarranted for a number of reasons, including judicial economy, undue prejudice to the plaintiff, and timing of the request. Id. at *2-*3. "Simply put, the Court believes bifurcation is likely to add inconvenience and prejudice to the proceedings. It would also add confusion to the trial and would not expedite or economize its resolution." Id. at *3.[2]

The evaluation is much the same here. The Court finds that bifurcating the claims in this case is improper for a number of reasons. First, bifurcation would not promote judicial economy or efficiency. Much of the same evidence would likely be presented by Plaintiff in her pursuit of claims against both Defendant Krieger and Defendant Spring View. By bifurcating the claims and staying discovery, the Court risks unnecessary repetition through the discovery process. Costs of the case would increase, both in terms of time to the parties and the Court, and in expenses to the parties. Although the Defendants put forth multiple arguments as to the efficiencies gained from bifurcation, the Court does not find any of them to be so persuasive as to obviate the efficiencies of trying the claims together.

Second, bifurcation could prejudice the Plaintiff through inconsistent verdicts. Defendant Spring View, in its Answer, seeks "an instruction permitting the jury to apportion fault to other persons or parties." (Docket # 1-2 at 12). By bifurcating the claims, the Court risks placing inconsistent sets of facts before a jury, as the facts will come from two distinct discovery processes. More importantly, two distinct juries present the risk of inconsistent verdicts.

---

[2] However, the case law in this Court is not unanimous in the evaluation of similar facts. In Osborne v. Gerald Pinsonneault & Sitton Motor Lines, Inc., Civil Action No. 4:07CV-002-JHM, 2009 WL 10681533 (W.D. Ky. Apr. 22, 2009), this Court found bifurcation of negligent entrustment claims from underlying tort claims to be unwarranted. However, the request to bifurcate in that case was made a week before trial and asked that the Court reconsider its earlier Order bifurcating the matter. Id. Given the wide discretion provided in Rule 42 and the factual differences from the case at bar, the Court chooses to follow the approach of Sierra.

While Defendants arguments do present some merit, the Court finds that the potential risks of harm outweigh the rewards of bifurcation. Bifurcation would be inefficient, would not promote judicial economy, and runs the risk of inconsistent verdicts. Further, bifurcation could confuse the issues at trial and not expedite or economize the resolution of the claims. Given that the Court has wide discretion in the decision to bifurcate under Rule 42, the Court finds bifurcation to be unwarranted.

The Court acknowledges that Kentucky substantive law applies to the negligent hiring, retention, supervision, and training claims, and that there must be a finding of liability against Dr. Kriegler before there can be a finding of liability on the part of Spring View for these particular claims. These issues regarding presentation of evidence shall be examined and addressed at trial.

## Conclusion

For the foregoing reasons, Defendant Spring View's Motion to Bifurcate and Stay Discovery (Docket # 25) is **DENIED**.

Lanny King, Magistrate Judge
United States District Court

November 25, 2019