UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:19-CV-00053-LLK

NICOLE STUMPH                                                                                           PLAINTIFF

v.

SPRING VIEW PHYSICIAN PRACTICES, LLC *et al*                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

The parties consented, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, to have the undersigned Magistrate Judge determine all dispositive and non-dispositive matters in this case, with any appeal lying before the Sixth Circuit Court of Appeals. (Docket # 14).

Defendant Spring View Physician Practices, LLC, ("Spring View") filed a Motion to Quash and Motion for Protective Order regarding Plaintiff Stumph's subpoena compelling the deposition of, a non-party, Mr. Jeffrey Baker and Defendant Kriegler's subpoena for Mr. Baker's medical records. (Docket # 26). Plaintiff Stumph responded (Docket # 29), as has Defendant Kriegler. (Docket # 31). Defendant Spring View replied to both responses (Docket # 33). This matter is now fully briefed and ripe for adjudication.

For the reasons discussed below, Spring View's Motion to Quash and Motion for Protective Order (Docket # 26) is **DENIED IN PART AND RESERVED IN PART**. The Motion's request to quash the subpoena of Mr. Baker is **DENIED**. The Motion's request to quash the subpoena of Mr. Baker's medical records is **RESERVED** at this time. This Court will hear oral argument solely on the issue of whether to quash the subpoena for Mr. Baker's medical records. The deposition of Mr. Baker shall be held in abeyance until this Court issues its ruling on the subpoena for Mr. Baker's medical records.

**Background**

This matter arises from two alleged incidents of sexual misconduct by Defendant Samuel Kriegler, M.D., an employee of Spring View Urology, at Spring View's offices. Plaintiff Nicole Stumph alleges that she was the victim of unwanted sexual touching from Defendant Kriegler during her patient visits with Defendant Kriegler. (Docket #1-2 at 2). Plaintiff alleges that Defendant Kriegler "touched the private areas, buttocks, and breasts of the Plaintiff" during her patient visits on January 18, 2018, and January 24, 2018, and that "such touching was offensive and unwarranted." (Id.). Plaintiff also asserts claims against Defendant Spring View for negligent selection, retention, supervision, and training of Defendant Kriegler, resulting in Defendant Kriegler's actions while functioning as its agent/employee. (Id. at 3). Plaintiff brings claims of battery (Counts I & II), outrage (Count III), negligence (Count IV), and for punitive damages (Count V) against Defendant Kriegler. (Id.). On January 18, 2019, Defendant Kriegler removed the case from the Marion Circuit Court. (Docket # 1).

On September 18, 2019, Plaintiff issued a subpoena to Mr. Jeffrey Baker, a non-party to this litigation, seeking to take his deposition on October 10, 2019. (Docket # 29 at 1). Defendant Kriegler then issued a subpoena to Spring View Urology and Spring View Hospital for Mr. Baker's medical records. (Id.; Docket # 26 at 2-3). Mr. Baker is a non-party to this litigation, who, according to Plaintiff, contacted Plaintiff's counsel and offered to testify against the Defendants. (Docket # 29 at 2). Plaintiff represents that Mr. Baker has a similar account of "appalling, unwanted sexual touching by Defendant Kriegler at the time Defendant Kriegler was an employee of Spring View." (Id.).

## Legal Standard

The Federal Rules of Civil Procedure give parties the right to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED.R.CIV.P. 26(b)(1). Relevance for discovery purposes is broad. Lewis v. ACB Bus. Servs., Inc., 135 F.3d 389, 402 (6th Cir. 1998). However, "district courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." Surles ex rel. Johnson v. Greyhound Lines, Inc., 474 F.3d 288, 305 (6th Cir. 2007). The determination of "the scope of discovery is within the sound discretion of the trial court." Cooper v. Bower, No. 5:15-CV-249-TBR, 2018 WL 663002 at *1 (W.D. Ky. Jan. 29, 2018), *reconsideration denied*, 2018 WL 1456940 (W.D. Ky. Mar. 22, 2018) (*quoting* Chrysler Corp. v. Fedders Corp., 643 F.2d 1229, 1240 (6th Cir. 1981)).

Federal Rule of Civil Procedure 45 allows parties to command a nonparty to, *inter alia*, appear at a certain time and place to testify or produce documents. FED.R.CIV.P. 45(a)(1)(A)(iii). Rule 45 further provides that the issuing court "must quash or modify a subpoena that: . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden." FED.R.CIV.P. 45(d)(3)(A)(iii), (iv). Although irrelevance or overbreadth are not specifically listed under Rule 45 as a basis for quashing a subpoena, courts "have held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." Hendricks v. Total Quality Logistics, 275 F.R.D. 251, 253 (S.D. Ohio 2011).

In striking the balance between a party's need for discovery and a non-party's interest in protecting confidential information, courts apply a three-pronged test. First, the Court considers whether the entity seeking protection has shown that the information sought is proprietary and that its disclosure might be harmful. If the answer to these questions is yes, the second prong asks

whether the party seeking the discovery has established that the information is relevant and necessary to the underlying action. Medical Ctr. at Elizabeth Place, LLC v. Premier Health Partners, 294 F.R.D. 87, 92 (S.D. Ohio 2013) (*citing* Spartanburg Reg. Healthcare Sys. V. Hillenbrand Indus., No. 1:05mc107, 2005 WL 2045818, at *4 (W.D. Mich. Aug. 24, 2005). If the answer to these two questions is yes, the third prong asks the Court to balance the need for discovery of the information with the harm that would result from disclosure. "Where, as here, discovery is sought from a non-party, the Court should be particularly sensitive to weighing the probative value of the information sought against the burden of production on the non-party." Id. (*citing* Universal Delaware v. Comidata Network, No. 3:10mc104, 2011 WL 1085180, at *2-3 (M.D. Tenn. Mar. 21, 2011).[1]

**Analysis**

Defendant Spring View asserts two main arguments in its Motion to quash the subpoenas for Mr. Baker's deposition and for Mr. Baker's medical records. First, Spring View argues that Mr. Baker would not possess any information relevant to Plaintiff's interactions with Defendant Kriegler. (Docket # 26 at 4-5). Second, Spring View argues that Mr. Baker's medical information and records are protected from disclosure by HIPAA.[2] (Id. at 5). Absent any waiver of HIPAA's privilege protections by Mr. Baker, Spring View argues it is statutorily prohibited from releasing Mr. Baker's medical records.

Defendant Kriegler joins Spring View's Motion to the extent it requests this Court quash the subpoena seeking Mr. Baker's deposition. (Docket # 31 at 1). If the Court allows Mr. Baker's

---

[1] *See, e.g.,* Sagebrush Solutions, LLC v. Health Mgmt. Sys. (In re CareSource Mgmt. Group Co.), 289 F.R.D. 251, 253 (S.D. Ohio 2013) ("Courts are required to balance the need for discovery against the burden imposed on the person ordered to produce the documents, and the status of the person as a non-party is a fact that weighs against disclosure.").

[2] Health Insurance Portability and Accountability Act, 110 Stat. 1936 (1996); 45 C.F.R. § 164.

4

deposition to proceed, Defendant Kriegler then asserts that Defendant Spring View's Motion to quash Defendant Kriegler's subpoena for Mr. Baker's medical records should be denied. (Id. at 2). Defendant Kriegler argues that Mr. Baker's medical records are not privileged under HIPAA and should be produced because Defendant Kriegler, through counsel, followed HIPAA's proscribed procedure for obtaining Mr. Baker's records through subpoena as set forth in 45 C.F.R. § 164.512 and Mr. Baker did not object to said subpoena. (Id. at 2-3). Alternatively, Defendant Kriegler argues that a HIPAA qualified protective order would alleviate any concerns related to producing Mr. Baker's records, and that such an order could be entered by agreement of the parties or by this Court. (Id. at 4).

Plaintiff Stumph also responded to Defendant Spring View's Motion with three arguments of her own. First, she argues that Spring View lacks standing for its Motion to Quash because Spring View does not assert a right or privilege that it holds and is, instead, asserting a privilege held by Mr. Baker. (Docket # 29 at 2). Second, Plaintiff argues that Mr. Baker's participation is voluntary and that Plaintiff only issued a subpoena compelling Mr. Baker's attendance at deposition to avoid any potential liability for payment of fees and expenses of other parties under Rule 30(g) should Mr. Baker not attend. (Id. at 3). Finally, Plaintiff argues that both subpoenas do not violate HIPAA as nothing in HIPAA prohibits an individual's deposition, even if deposition questions touch upon the individual's medical history, and Plaintiff further argues that HIPAA allows "covered entities" such as Spring View to disclose healthcare information when the HIPAA procedures are followed. (Id.).

*Relevance*

The Court begins by assessing the relevance of the requested information under Rule 26.[3] As discussed above, the standard is broad. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" FED.R.CIV.P. 26(b)(1). Plaintiff brings claims against Defendant Spring View for negligent selection, retention, supervision, and training of Defendant Kriegler, resulting in Defendant Kriegler's actions while functioning as its agent/employee. (Docket # 1-2 at 3). Plaintiff brings claims of battery (Counts I & II), outrage (Count III), negligence (Count IV), and for punitive damages (Count V) against Defendant Kriegler. (Id.). Broadly, information tending to show a pattern of similar behavior by Defendant Kriegler could be relevant to Plaintiff's claims against him. Further, information tending to show past similar actions by Kriegler, while he was employed by Defendant Spring View, could be relevant to Plaintiff's claims against the practice. Without making judgments on the admissibility of the evidence at later proceedings, the Court notes that similar actions by the Defendants with a separate victim could be admissible under the ambit of the Federal Rules of Evidence.[4]

Mr. Baker's deposition testimony fits the relevance standard. Mr. Baker's testimony regarding his experience with Dr. Kriegler during his patient visits at Spring View might confirm a similar set of facts, as alleged by Plaintiff. Mr. Baker's deposition may provide relevant information, which can be examined by the Court for admissibility at a later date. However,

---

[3] Rule 26(b)(1) defines the scope of discovery for a subpoena issued pursuant to Rule 45. Medical Ctr. at Elizabeth Place v. Premier Health Partners, 294 F.R.D. 87, 92 (S.D. Ohio 2013) (*quoting* Hendricks v. Total Quality Logistics, 275 F.R.D. 251, 253 (S.D. Ohio 2011)); Barrington v. Mortgage IT, Inc., No. 07-61304-CIV, 2007 WL 4370647, at *3 (S.D. Fla. Dec. 10, 2007) (citations omitted).

[4] Rule 404(b) states that prior bad acts may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED.R.EVID. 404(b).

without specific information to contest and given the indications of relevance, the Court finds that Mr. Baker's deposition is within the ambit of Rule 26. As such, this Court denies Defendant Spring View's request, which Defendant Kriegler joined, to quash Plaintiff's subpoena compelling the appearance and testimony of Mr. Baker at deposition. The deposition, however, is held in abeyance until the Court issues a ruling on the remaining issues in Spring View's Motion to Quash and for Protective Order.

At this time, the Court is less certain as to the relevance of Mr. Baker's medical records. While this Court can envision how relevant information might be found within those records, there are significant privacy concerns in the disclosure of a non-party's private medical information that weigh against its production. Furthermore, while the briefings have addressed potential HIPAA issues and have discussed the records' relevance to Plaintiff's claims against Defendant Kriegler, the briefings have not addressed the relevance of these medical records to Plaintiff's claims against Defendant Spring View. Instead, on this issue, the parties largely relied on their respective arguments on Spring View's Motion to Bifurcate and Stay Proceedings. In light of this Court's recent decision to deny the Motion to Bifurcate, and this opinion allowing the deposition, further argument is needed to determine whether Mr. Baker's medical records should be produced.

Additionally, further argument is needed on the issue of whether a non-party can waive HIPAA privileges by failing to respond to a subpoena and whether mailing notice of said subpoena without any proof of receipt constitutes a "good faith effort" on the part of the issuing party in compliance with HIPAA procedures.

Conclusion

For the foregoing reasons, Defendant Spring View's Motion to Quash and Motion for Protective Order (Docket # 26) is **GRANTED IN PART AND RESERVED IN PART**.

1. Defendant Spring View's Motion to Quash Plaintiff's Subpoena compelling Mr. Jeffrey Baker's deposition is denied based on Plaintiff's showing of relevance. Mr. Baker's deposition is to be held in abeyance until the Court issues its ruling on the remaining issues in Defendant Spring View's Motion to Quash and Motion for Protective Order.

2. This Court's ruling on Defendant Spring View's Motion to Quash and Motion for Protective Order as it pertains to the subpoena for Mr. Jeffrey Baker's medical records is reserved at this time. This Court shall conduct oral argument on Defendant Spring View's Motion to Quash Subpoena and Motion for Protective Order, specifically on the issue of Defendant Kriegler's subpoena for Mr. Baker's medical records from Spring View Urology and Spring View. Oral argument shall be scheduled by separate order of the Court.

**IT IS SO ORDERED**.

January 6, 2020

**Lanny King, Magistrate Judge**
**United States District Court**